UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00018-LLK

VICKIE S. HEWITT                                                                                           PLAINTIFF

v.

ANDREW SAUL, Acting Commissioner of Social Security                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Docket Number ("DN") 12 and 17. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 8].

Because Plaintiff's three arguments are unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's Decision**

On October 17, 2018, the ALJ denied Plaintiff's claim for social security disability benefits pursuant to the five-step sequential evaluation process. [DN 7-2 at 67-79[1]].

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability date. *Id.* at 69. Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: diabetes mellitus with neuropathy and obesity. *Id.* Third, the ALJ found that Plaintiff does not suffer from any impairment satisfying the clinical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 71.

---

[1] "67-79" refers to the pages of the administrative record denominated as such by the Commissioner, which appear at the bottom of each page of the administrative transcript.

1

As required in any case that advances beyond Step 3, the ALJ determined Plaintiff's residual functional capacity ("RFC"). The ALJ found that Plaintiff's impairments allow her to perform medium work except that she can only "frequently climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; and frequently stoop, kneel, crouch, and crawl." *Id.* at 72.

Fourth, the ALJ found that Plaintiff is not disabled because she retains the ability to perform her past relevant work, which was sedentary, of call center attendant, dispatcher, and administrative assistant. *Id.* at 77. Fifth, the ALJ found, in the alternative, that Plaintiff is not disabled because she retains the ability to perform other medium jobs that exist in significant numbers in the national economy such as laundry worker, patient transporter, and packer. *Id.* at 78.

**The ALJ's not finding a severe mental impairment was, at worst, harmless error.**

First, Plaintiff argues that the ALJ erred in not finding that she suffers from a severe, or vocationally significant, mental impairment. [DN 12 at 2].

At the request of the Commissioner, psychologist Ollie C. Dennis, Ed.D., conducted a one-time examination of Plaintiff and diagnosed adjustment disorder with anxiety, resulting in mild to moderate limitations. In light of Dr. Dennis' narrative report and the record as a whole, the Commissioner's non-examining program psychologist, Tonya Gonzalez, Psy.D., opined that Plaintiff has no severe mental impairment. The ALJ gave little weight to Dr. Dennis' findings and great weight to Dr. Gonzalez' opinion. [DN 7-2 at 75].

Plaintiff argues that the ALJ erred in giving greater weight to the opinion of the non-examining source (Dr. Gonzalez, who found no severe impairment) than to that of the one-time examining source (Dr. Dennis). The argument is unpersuasive for three reasons. First, while "[g]enerally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you," 20 C.F.R. § 404.1527(c)(1), this preference is overcome when (as here) the ALJ found the non-examining (program) source's opinion was "based on a review of a complete case

record," which was "more consistent ... with the record as a whole." *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 642 (6th Cir. 2013).  Second, while a diagnosed impairment is severe if it "significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. § 404.1520(c), the "mere existence of [such an] impairment[] ... does not establish that [you were] significantly limited from performing basic work activities for a continuous period of time." *Seeley v. Comm'r*, 600 F. App'x 387, 390 (6th Cir. 2015). Third, judicial review contemplates a harmless error review in which the Court will not disturb the ALJ's decision unless "there is reason to believe that remand might lead to a different result." *Kornecky v. Comm'r*, 167 F. App'x 496, 507 (6th Cir. 2006).  Even if the ALJ should have preferred Dr. Dennis' opinion and should have acknowledged the presence of a severe mental impairment, there is no reason to believe that the mild to moderate limitations found by Dr. Dennis preclude performance of Plaintiff's past relevant work.[2]

### The ALJ's RFC finding was, at worst, harmless error.

Second, Plaintiff argues that the ALJ's residual functional capacity ("RFC") finding, which allows her to perform medium work, is not supported by substantial evidence.  [DN 12 at 3].

As noted above, the ALJ found that, notwithstanding her severe, or vocationally significant, diabetes mellitus with neuropathy and obesity, Plaintiff has an RFC for medium work involving frequent climbing of ramps and stairs, stooping, kneeling, crouching, and crawling (but only occasional climbing of ladders, ropes, or scaffolds).  [DN 7-2 at 69, 72].  Plaintiff argues that this finding is unsupported in light of electromyography / nerve conduction study (EMG/NCS) testing, which indicates that she suffers from

---

[2] Plaintiff further argues that the ALJ's reliance on Dr. Gonzalez' opinion was improper because it did not take into account the notes from Plaintiff's treating psychiatrist David, Kapley, M.D., which Plaintiff submitted after Dr. Gonzalez gave her opinion.  [DN 12 at 2-3].  "There will always be a gap between the time the agency experts review the record and give their opinion ... and the time the hearing decision is issued." *Kelly v. Comm'r*, 314 F. App'x 827, 831 (6th Cir. 2009).  "[A]n ALJ may rely on the opinion of a consulting or examining physician who did not have the opportunity to review later-submitted medical records if there is some indication that the ALJ at least considered these facts."  *Spicer v. Comm'r*, 651 F. App'x 491, 493–94 (6th Cir. 2016).  Here, the ALJ's decision reflects consideration of the later-submitted medical records.  [DN 7-2 at 75].

polyneuropathy of the lower extremities (of axonal type, involving sensory and motor nerves), which would not allow her to stand/walk 6 hours per 8-hour workday as required to perform medium work. [DN 12 at 4, 7]. *See* Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *6 (The full range of medium work "requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday [and] [s]itting may occur intermittently during the remaining time.").

At worst, the ALJ's finding that Plaintiff can perform medium work was harmless error because the ALJ found that Plaintiff is not disabled because she retains the ability to perform her past relevant work, which was sedentary. [DN 7-2 at 77]. There is no evidence, which the ALJ was required to accept, that Plaintiff's polyneuropathy would preclude performance of her previous sedentary jobs. *See* SSR 83-10, 1983 WL 31251, at *5 (With sedentary jobs, "standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday.").[3]

Next, Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence in light of the completion of the standard physician assessment form by her treating physician, James Jarvis, M.D. [DN 12 at 7]. Dr. Jarvis made several findings that are incompatible with performance of any full-time work.[4] [DN 7-8 at 930-31]. The ALJ properly gave these disabling findings little weight because they were "based on [Plaintiff's] subjective reports to at least some extent" and were inconsistent with other evidence in the record. [DN 7-2 at 75]. *See* 20 C.F.R. § 404.1527(c)(2) (A treating physician's medical opinion is entitled to controlling weight only if it is "well-supported by medically acceptable clinical and

---

[3] If Plaintiff is restricted to sedentary work, Rule 201.07 is the most applicable Appendix 2 rule, and it directs an ultimate finding of "not disabled." Rule 201.07 is most applicable because Plaintiff was born in April 1961, making her (as of the ALJ's October 2018 decision) age 55 or older, or of "advanced" age; she is a "high school graduate or more"; and she has "transferable" job skills from previous work experience (i.e., communication, recording, reporting, and basic computer and keyboard skills). [DN 7-2 at 78, 110-11].

[4] For example, Dr. Jarvis found that Plaintiff can sit for 4 hours, stand for less than 30 minutes, and walk for less than 30 minutes total in an 8-hour workday; she would require work breaks every 30 minutes, lasting 15 to 30 minutes; and she would be expected to be absent from work 24 days a month. [DN 7-8 at 930-31].

laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record.").

**The ALJ did not err in evaluating the limiting effects of Plaintiff's symptoms.**

Third, Plaintiff argues that the ALJ erred in finding that her "allegations concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence," and, in fact, the ALJ should have found additional limitations (not contemplated by the ALJ's RFC finding). [DN 12 at 7-8 quoting DN 7-2 at 76].

An ALJ's determination of a claimant's limitations in light of complaints of pain and other subjective symptoms must be accorded great weight and deference. *Workman v. Comm'r*, 105 F. App'x 794, 801 (6th Cir. 2004). Indeed, an ALJ's findings in this regard are "virtually unchallengeable" absent compelling reasons. *Ritchie v. Comm'r*, 540 F. App'x 508, 511 (6th Cir. 2013). Here, Plaintiff identifies no compelling reason for disturbing the ALJ's determination of her limitations.

**Order**

Because Plaintiff's three arguments are unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

September 25, 2020

Lanny King, Magistrate Judge
United States District Court